IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00278-MEH-PAC

BENAD ABIODUN,

      Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

      Respondent.

---

**ORDER ON MOTION TO DISMISS
AND MOTION TO SUPPRESS AND EXCLUDE EVIDENCE**

---

Petitioner is a citizen of Nigeria who sought to become a naturalized citizen in this country. On the precipice of receiving citizenship, he was convicted in state court of an "aggravated felony" (a term of art used in the immigration laws), for distribution of a controlled substance (crack cocaine).[1] Immigration officials then denied his application for naturalization, placed him in removal proceedings, and ordered him deported.[2] He has filed numerous actions in his attempt to stay in this country.[3]

The Court has reviewed the claims made by Mr. Abiodun in his "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," Docket #2, filed February 8, 2007. He pleaded a

---

[1] The facts concerning his conviction are contained in *People v. Abiodun*, 111 P.3d 462 (Colo. 2005), and *People v. Abiodun*, 87 P.3d 164 (Colo. App. 2003).

[2] The saga of Mr. Abiodun is set forth in *Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir. Jan. 26, 2007) and *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006), and will not be repeated in detail here.

[3] In addition to the current case, his actions include, in the United States District Court for the District of Colorado, Civil Action Nos. 05-cv-00352-WDM-PAC; 05-cv-01391-ZLW; 05-cv-02305-WDM-PAC; and 06-cv-02463-ZLW. His appellate cases include Case Nos. 05-9585; 05-9603; 06-9527; and 07-1184 (appeal of 05-cv-02305-WDM-PAC).

"Claim One" beginning at actual page 6 of the Application. He does not make a coherent, single claim in "Claim One," but rather asserts numerous potential alleged constitutional violations, such as (1) concealing material information from his state sentencing court; (2) failing to question Mr. Abiodun concerning his right to remain in the United States; (3) lodging a detainer that prevented Mr. Abiodun's release pending his sentencing in the state court; (4) using improper considerations in denying his petition for naturalization; (5) failing to adjudicate Mr. Abiodun's appeal of the denial of his petition for naturalization; etc. He does not have a "Claim Two." He requests the following relief: (1) An order keeping him in the District of Colorado pending the resolution of his habeas case; and (2) his release from custody.

Respondent moves to dismiss this case under Fed. R. Civ. P. 12(b)(6), based on *res judicata*. A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id. Res judicata*, or claim preclusion, applies to limit a party from bringing before the Court a matter that has already been addressed. *Red judicata* applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the

same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1257 (10th Cir. 1997).

The Court has reviewed the final decisions in all of Mr. Abiodun's cases, both district and appellate, and finds that his claims, to the extent the Court can discern them, have been previously raised (some on multiple occasions) and adjudicated in prior federal actions. They are barred by *res judicata*, save one: his claim for indefinite detention under the analysis of *Zadvydas v. Davis*, 533 U.S. 678 (2001) and its progeny, which is a appropriate brought in a habeas corpus action in federal district court. The Court is not aware of any other federal judicial decision on whether Mr. Abiodun's constitutional rights are being violated by his continued detention pending his removal to Nigeria. The Court believes that Mr. Abiodun has adequately raised the issue in his Application and, further, that he has briefed it in his opposition to the Motion to Dismiss. The government did not file a reply and, thus, has not responded to the indefinite detention argument. Therefore, the Court will direct a reply by the government on or before July 2, 2007.

Further, because the Court may rely upon material outside the pleadings, the litigants are notified that the Court considers the current issue to be ripe for resolution on merits briefing. Therefore, Respondent should submit whatever record evidence is relevant concerning the issue of indefinite detention, just as Petitioner has submitted voluminous materials in his response to the Motion to Dismiss.

Accordingly Respondent's Motion to Dismiss [Filed April 6; 2007; Docket #25] is **granted** as to all claims, except with the respect to Petitioner's alleged indefinite detention. The Court **reserves ruling** on the issue of indefinite detention to allow Respondent to file a reply by **July 2, 2007**. Given the Court's partial ruling on the Motion to Dismiss as stated above, Petitioner's Motion to Suppress and Exclude Evidence Unlawfully Obtained Against the Applicant [Filed March 9, 2007;

4

Docket #11] is **denied as moot**.

Dated at Denver, Colorado this 20th day of June, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge