IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00278-MEH-PAC

BENAD ABIODUN,

    Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

    Respondent.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Petitioner's Motion to Seek Relief from the Judgment Pursuant to Fed. R. Civ. P. 60(b) [filed June 2, 2010; docket #67]. The Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court **denies** the Petitioner's motion.

    The background of this case is set forth in this Court's June 21, 2007 order. Essentially, Petitioner is a citizen of Nigeria who sought to become a naturalized citizen in this country. On the precipice of receiving citizenship, he was convicted in state court of an "aggravated felony" (a term of art used in the immigration laws), for distribution of a controlled substance (crack cocaine).[1] Immigration officials then denied Petitioner's application for naturalization, placed him in removal proceedings, and ordered him deported.[2] He has filed numerous actions in his attempt to stay in this

---

[1] The facts concerning his conviction are contained in *People v. Abiodun*, 111 P.3d 462 (Colo. 2005), and *People v. Abiodun*, 87 P.3d 164 (Colo. App. 2003).

[2] The history of Mr. Abiodun is set forth in *Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir. Jan. 26, 2007) and *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006), and will not be repeated in detail here.

country.[3]

In this proceeding, Petitioner sought review of his naturalization application, invalidation of the deportation proceedings and release from the Bureau of Immigration and Customs Enforcement (ICE) custody claiming that the immigration authorities violated his due process rights in the adjudication of his application and in his continuous detention. *See* docket #14. On June 21, 2007, the Court dismissed the majority of Petitioner's claims based upon the doctrine of *res judicata*. Docket #36. With respect to Petitioner's remaining claim for indefinite detention, the Court allowed supplemental briefing, then dismissed the claim upon the Respondent's showing of the Petitioner's imminent removal from the country. Docket #61. The Court's orders were affirmed by the Tenth Circuit on April 4, 2008, and the Supreme Court denied Petitioner's application for writ of certiorari on May 12, 2008. Dockets #65, #66.

Nearly three years after this Court's entry of judgment in favor of Respondent, Petitioner filed the present motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6). Petitioner requests that he be allowed to re-enter the United States because, he argues, the judgments entered in his underlying criminal and immigration proceedings are "void" and justice requires readmission to the country.

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court held that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Id.* at 528. Under Rule 60(c), such a motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Moreover, under Rule 60(b)(6), a movant

---

[3]In addition to the current case, his actions include, in the United States District Court for the District of Colorado, Civil Action Nos. 05-cv-00352-WDM-PAC; 05-cv-01391-ZLW; 05-cv-02305-WDM-PAC; and 06-cv-02463-ZLW. His appellate cases include Case Nos. 05-9585; 05-9603; 06-9527; 07-1184 (appeal of 05-cv-02305-WDM-PAC); and 07-1401 (appeal of current case).

2

must show "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez,* 545 U.S. at 535.

Typically, the analysis in *Gonzalez* requires that the Court determine whether Applicant's Rule 60(b) motion is, in fact, a successive habeas claim couched as a motion for relief from judgment and, if so, apply AEDPA's successive claims restrictions. The Supreme Court states that a Rule 60(b) motion will be considered a new habeas claim when "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." 545 U.S. at 531 (emphasis in original). A decision "on the merits" means that a court has determined "that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* n.4. When, however, the petitioner alleges a defect in the "integrity of the federal habeas proceedings," the Rule 60(b) motion is not considered a new habeas claim. *Id.* & n.5. In essence, if the Rule 60(b) motion addresses a merits determination, it is a successive petition; when it addresses a nonmerits aspect of the habeas proceeding (such as a statute of limitations determination), it is not a successive petition. *Id.* at 534. If the Rule 60(b) motion is considered a successive claim presented in a prior application, it must be dismissed under the AEDPA-amended habeas statute, 28 U.S.C. § 2244(b). *Id.* at 530.

In this case, however, Petitioner filed a § 2241 petition challenging the execution of his sentence, rather than his conviction or his sentence as imposed. The Tenth Circuit has "stated in several unpublished decisions that 'prior authorization from a court of appeals is not necessary to file a successive § 2241 petition,'" *see Muniz v. Heredia*, 2010 WL 1952700, *1 (10th Cir. May 17, 2010) (citations omitted) (unpublished opinion); however, the question remains unsettled. *Farnham v. Wyoming Dep't of Corrs.*, 338 F. App'x 751, 755 n.3 (10th Cir. July 17, 2009) (citing *Ackerman*

3

*v. Novak*, 483 F.3d 647, 649-50 (10th Cir. 2007)). Of course, here, Petitioner's motion improperly challenges the findings of the state and federal courts in nearly all other proceedings related to his 2002 conviction. To the extent that Petitioner's motion were filed in other previous habeas proceedings, such motion may be construed as challenging the merits of the prior proceedings and may be considered a successive petition filed in contravention of the AEDPA. Petitioner does not challenge the integrity of the habeas proceedings but, rather, repeats the same arguments he made in previous proceedings on the merits of his claims.

Nevertheless, to the extent that the Petitioner's motion is not a successive petition in this proceeding, it fails under Rule 60. First, Petitioner has not demonstrated that his motion is timely. *See Harrison v. Gilbert*, 259 F. App'x 161, 163 (10th Cir. Dec. 26, 2007) (unpublished). A motion for relief from a judgment brought pursuant to Rule 60(b) based on reasons (1), (2), or (3) must be brought not more than one year after judgment is entered. Fed. R. Civ. P. 60(c)(1). Final judgment in this case was entered July 23, 2007, and Petitioner filed the present motion on June 2, 2010, almost three years later. Here, Petitioner requests relief under reasons (4) and (6); therefore, his motion must be made "within a reasonable time." *Id.* However, Petitioner has provided no reason explaining or justifying the extensive delay in filing the motion. *See* Fed. R. Civ. P. 60(c)(1); *see also Sorbo v. United Parcel Serv.,* 432 F.3d 1169, 1178 (10th Cir. 2005) (finding no abuse of discretion for finding Rule 60(b) motion filed within one year untimely where plaintiff offered no justification for the delay).

Even if the motion were considered to be timely, it fails on its merits. With respect to his request for relief pursuant to Rule 60(b)(4), the Petitioner must demonstrate that the "final judgment" from which he seeks relief is "void." Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in

4

a manner inconsistent with due process of law." *United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002) (quotation omitted). Here, Petitioner argues that several state court and immigration decisions are "void," but he mentions nothing about the decision in this case nor argues that this Court lacked jurisdiction or acted in a manner inconsistent with due process (*see* Motion at ¶ 4, docket # 67 at 2); therefore, his arguments fail as improperly raised in this case. As to any argument that decisions are "void" because they have been reversed on appeal, the Petitioner is simply incorrect. A judgment is not void merely because it is erroneous. *Id.* (citing *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)).

With respect to Petitioner's contention that relief from judgment is justified under Rule 60(b)(6), the rule does not permit a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kansas Dep't of Corrs.,* 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.") (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004)).

Here, Petitioner argues that relief is justified because Department of Homeland Security (DHS) officials "retaliated" against him "in the forms of transfer from one detention facility to another and denial of access to the courts to frustrate his efforts in filing civil actions in this court had deprived him of any reasonable opportunity to defend himself or obtain favorable evidence in the criminal and deportation and naturalization proceedings and to obtain adequate redress." Motion at ¶ 42, docket #67 at 13. Petitioner proceeds to describe his conviction in 2002, the DHS arrest and

detention in 2004 and the transfer among facilities between 2006 and 2008 when he was apparently deported. *Id.* at 13-14. Certainly, most of the conduct about which Petitioner complains occurred well before he filed the present action in February 2007; thus, his arguments were available to him at that time. As to any conduct occurring after that date, Petitioner fails to explain either why he failed to raise his arguments prior to the close of this case or why his arguments are now delayed by more than two years. Therefore, the Court finds that Petitioner fails to assert a reason that justifies relief from judgment in this case.

Accordingly, for the reasons stated herein, Petitioner's Motion to Seek Relief from the Judgment Pursuant to Fed. R. Civ. P. 60(b) [filed June 2, 2010; docket #67] is **DENIED**.

Dated this 8th day of June, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge